# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUJTABA HASHIMI, | CASE NO. 12cv1010-MMA (BLM) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| CACH, LLC, | [Doc. No. 3] |
| Defendant. | |

Plaintiff Mujtaba Hashimi has filed suit against Defendant CACH, LLC, alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, arising out of CACH's attempt to collect on a debt allegedly owed by Hashimi. CACH moves to dismiss Hashimi's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Hashimi opposes the motion. For the reasons set forth below, the Court **GRANTS** CACH's motion and **DISMISSES** this action with prejudice.

## BACKGROUND

At some time prior to January 10, 2012, Plaintiff Mujtaba Hashimi incurred debt with Wells Fargo Bank, N.A.[1] Hashimi fell behind in the payments allegedly owed on the debt. According to the allegations in his complaint, "Plaintiff currently takes no position as to the

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept all allegations of material fact in Hashimi's complaint as true, and construe them in light most favorable to Hashimi as the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters*, 497 F.3d 972, 975 (9th Cir. 2007).

validity of this alleged debt." *Complaint* ¶ 18. In the meantime, Wells Fargo assigned the debt to Defendant CACH, LLC for collection. On January 9, 2012, CACH instituted legal action against Hashimi in San Diego County Superior Court, filing a verified complaint alleging three causes of action for breach of contract, common counts, and account stated.

The gravamen of Hashimi's claims in this federal action arise out of the allegations contained in the verified complaint filed by CACH in state court. The specific factual allegations set forth by CACH against Hashimi in the state court action are as follows.[2]

According to CACH, on or about September 5, 2007, Wells Fargo, the original creditor, issued a credit card in Hashimi's name under an account number identified in the complaint by its last four digits. *See Def. Request for Judicial Notice*, Ex. 1, Verified Complaint ¶ 6. CACH attached to the verified complaint a true and correct copy of the original credit card agreement. *Id.*, Ex. A. CACH alleges that on or about July 16, 2009, Hashimi defaulted on his obligation under the credit card agreement by failing to pay the monthly charges as agreed. *Id.* ¶ 9. As a result, his charging privileges were cancelled. Hashimi made a final payment of $400.00 on June 16, 2009, and has refused, despite demand, to make any payment since that date despite the entire balance on the card being due and payable in full. *Id.* CACH attached to the verified complaint a true and correct copy of the billing statement as of February 2010. *Id.*, Ex. C.

On February 28, 2010, the credit card account was "charged off" by Wells Fargo. On or about October 21, 2010, Wells Fargo transferred all of its rights and interest in the account to CACH. At the time, the total account balance purchased by CACH was $4,215.89. *Id.* ¶ 8. CACH attached to the verified complaint a true and correct copy of the written transfer of rights and interest. *Id.*, Ex. B. On or about December 15, 2010, CACH provided Hashimi with a written notice of the transfer of all rights under the agreement, including the right to bring an action in state court to enforce CACH's rights. *Id.* ¶ 10.

Based on these factual allegations, CACH sued Hashimi for breach of contract, on grounds that Hashimi breached the terms of the credit card agreement when he defaulted on the payment

---

[2] As discussed *infra*, the Court takes judicial notice of the state court complaint and the claims raised by CACH therein. FED. R. EVID. 201.

obligation on the card. *Id*. ¶ 13-17. CACH also brought causes of action for common counts and account stated.

On April 24, 2012, Hashimi filed this federal action against CACH for purported violation of the FDCPA. According to Hashimi, "the purpose of the filing of the state case was not to pursue legitimate litigation, but to cause the plaintiff financial hardship with the intent of coercing the plaintiff to pay the alleged debt or merely hoping for the plaintiff's default." *Complaint* ¶ 22. Hashimi asserts that CACH used "false, deceptive, or misleading representations" in the verified complaint specifically with respect to the account stated cause of action. *Id*. ¶ 28. Hashimi complains that "an account stated requires that parties forego any previous bona fide contract between the parties and, instead, enter into a new contract between them, which never happened in this matter, a fact that Defendant either knew or reasonably should have known." *Id*.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the Court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949, citing *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co*., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, a document is not considered "outside" the complaint if the complaint specifically refers to the document and if its authenticity is not questioned. *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir. 1982). As such, when ruling on a motion to dismiss, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc*., 146 F.3d 699, 705-706 (9th Cir. 1998), citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Doing so does not convert the motion to dismiss into a motion for summary judgment. *See Parrino*, 146 F.3d at 706, citing *Pension Benefit Guaranty Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

### REQUEST FOR JUDICIAL NOTICE

Although this Court must construe the complaint in the light most favorable to Hashimi and accept as true the factual allegations included therein, this does not apply to "allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). In support of its motion, CACH requests the Court take judicial notice of the verified complaint filed in state court against Hashimi on January 9, 2012, in the action entitled *CACH, LLC v. Mujtaba Hashimi*, case number 37-2012-00090407-CL-CL-CTL. *See Def. RJN*, Ex. 1. CACH further requests the Court take judicial notice of the answer to the verified complaint filed by Hashimi in state court on February 2, 2012. *See Def. Supp. RJN*, Ex 2. Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose

accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

Courts may take judicial notice of their own records, and may also take judicial notice of other court proceedings if they "directly relate to matters before the court." *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136-37 (S.D. Cal. 2006). Because these documents are matters of judicial record, and their authenticity is not in question, the Court grants CACH's request and takes judicial notice of the existence of the state court action and the claims made therein. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("[T]he court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein.").

## DISCUSSION

The Ninth Circuit has made clear that "a complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f [of the FDCPA]" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-1032 (9th Cir. 2010). Thus, a cause of action may arise under the FDCPA based upon a debt collector's statements in a state court complaint.

Here, Hashimi generally alleges that CACH has violated Section 1692d of the FDCPA, which prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Hashimi contends that the factual allegations set forth by CACH in the verified complaint are false and therefore violate Section 1692e, which prohibits a debt collector from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." Hashimi specifically references Section 1692e(10), which provides that "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is a violation of the FDCPA. Hashimi also invokes Section 1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Section 1692f(1), referenced by Hashimi in his complaint, specifies that a debt collector may not collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the

debt or permitted by law."

Hashimi argues that CACH's state court complaint contains false allegations that he "entered into an account stated 'in writing' when, in fact, Defendant, knew or should have known that this was untrue, and that no such writing existed." *Complaint* ¶ 30.  Hashimi also contends that CACH violated California Code of Civil Procedure § 128.7(b)(3) when it certified that the account stated claim "had evidentiary support, when in fact Defendant did not possess any evidence of any account stated, which is a written contract. Defendant did not possess any written contract, or any writing, that showed an account stated in writing between Defendant and Plaintiff." *Id.* ¶ 35.  Hashimi argues that "[a]n account stated requires the parties negotiate a new, replacement contract, and that never happened here." *Pl. Opp'n*, 8.  A review of CACH's allegations in the state court complaint demonstrates that Hashimi's claims in this action are premised on a fundamental misunderstanding of the account stated cause of action and, as such, are  wholly devoid of merit.

An account stated claim has three elements: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969). "The agreement necessary to establish an account stated need not be express and is frequently implied from the circumstances.  When a statement is rendered to a debtor and no reply is made in a reasonable time, the law implies an agreement that the account is correct as rendered." *Maggio, Inc. v. Neal*, 196 Cal. App. 3d 745, 753 (Cal. App. 4th Dist. 1987).  As the Ninth Circuit has explained:

> An account stated is an agreement between persons having previous monetary transactions that fixes the amount due in respect to such transactions and promises payment. As such, an account stated is itself an independent contract that is enforceable without regard to the underlying transactions on which it is based. After a party has tendered an account, the promise to pay the stated amount may be expressed, or implied from the actions of the party when their conduct justifies the inference that they have agreed. Unless a debtor objects within a reasonable time to a tendered account, the inference of an agreement may be drawn and the account considered as stated.

*Eimco-BSP Service Co. v. Valley Inland Pacific Constructors, Inc.*, 626 F.2d 669, 671-672 (9th

1 Cir. 1980) (internal citations omitted).

2 According to the verified complaint: (1) Wells Fargo issued Hashimi a credit card, which he received and used to purchase goods and services; (2) Wells Fargo stated the account in writing in a final billing statement issued to Hashimi on February 28, 2010, which reflected a balance due in the amount of $4,215.89; (3) Hashimi did not dispute the billing statement or any individual charges on the billing statement, and his failure to do so constituted an admission of the balance due. *Verified Complaint* ¶¶ 6, 9, 16, 18. Hashimi does not allege that any of these specific factual allegations are themselves false, deceptive, or misleading. Yet these are the facts giving rise to the account stated cause of action.[3] *Id.* ¶ 22 ("Plaintiff [CACH] repleads all previous paragraphs of this Complaint as if they were fully said forth herein.").

CACH's allegations regarding the issuance of the final billing statement (the tender of the account in writing) and Hashimi's failure to object to the statement (the implied promise to pay the stated amount) sufficiently state the second and third elements of an account stated claim: implied agreement on the amount due and an implied assent by Hashimi to pay that amount, resulting in a new agreement enforceable by CACH independent of the underlying transactions giving rise to the balance due. *See Maggio*, 196 Cal. App. 3d at 753 ("When a statement is rendered to a debtor and no reply is made in a reasonable time, the law implies an agreement that the account is correct as rendered.").

CACH clearly alleged the necessary elements of an account stated claim in the state court complaint, and Hashimi does not challenge the veracity of those specific factual allegations in this action. Thus, Hashimi's claims under Section 1692e fail. Hashimi's claims under Section 1692f also fail. As one court has explained, "[t]he filing of a lawsuit alone is neither unfair nor unconscionable. Indeed, a non-frivolous lawsuit seems to be one of the most fair means of collecting a debt." *Medialdea v. Law Office of Evan L Loeffler PLLC*, 2008 U.S. Dist. LEXIS

---

[3] The Court notes that in contract cases, the use of common counts, such as account stated, serves as an alternative means of recovering contractual damages and is more a matter of pleading than of substantive law. *See* 4 Witkin, Civ. Procedure (4th ed. 1997) Pleading, § 529, p. 616. Thus, contrary to Hashimi's assertion, there is nothing deceptive, misleading, or otherwise questionable about CACH's choice to pursue common counts in addition to a standard breach of contract claim.

1  109013 (W.D. Wash. June 19, 2008). The only inquiry under Section 1692f(1) is whether the
2  amount collected was expressly authorized by the agreement creating the debt or permitted by law.
3  CACH alleged that the contract between Hashimi and Wells Fargo created the debt. Because
4  Hashimi failed to object or otherwise dispute the amount due as reflected in the final billing
5  statement, CACH alleged a plausible and separately enforceable account stated. Hashimi's claim
6  under Section 1962d – premised upon CACH's initiation of the state court suit and inclusion of the
7  account stated cause of action – fails as well. The "natural consequence" of CACH's actions was
8  not "to harass, oppress, or abuse" Hashimi. *See* 15 U.S.C. § 1962d. A review of the verified
9  complaint filed by CACH in San Diego County Superior Court shows that CACH initiated legal
10 action against Hashimi to enforce its rights under a written credit card agreement and to hold
11 Hashimi liable for the purported breach of that agreement, as well as to recover the balance due on
12 the account.
13     In sum, Hashimi cannot state a viable claim under the FDCPA predicated on CACH's state
14 court action and statements contained in the state court complaint. Accordingly, the Court
15 dismisses Hashimi's complaint without leave to amend. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d
16 1083, 1088 (9th Cir. Cal. 2002) (when "any amendment would be futile, there is no need to
17 prolong the litigation by permitting further amendment."), citing *Lipton v. Pathogenesis Corp.*,
18 284 F.3d 1027, 1038 (9th Cir. 2002).

### CONCLUSION

20  For the reasons set forth above, the Court **GRANTS** Defendant CACH, LLC's motion and
21 **DISMISSES** this action with prejudice. The Clerk of Court is instructed to enter judgment
22 accordingly and terminate the case.
23     **IT IS SO ORDERED**.
24 DATED: August 22, 2012

Hon. Michael M. Anello
United States District Judge